The opinion of the Court was drawn up by
Walton, J.
Upon the evidence as reported it seems to us that the verdict in this case is clearly wrong. When the defendant made oath before the magistrate that Kimball had obtained the notes in question by false and fraudulent pretences, he made oath to what appears not to have been true in fact, and to what he had not the slightest reason to believe was true; and his only object for making such a charge, as he himself admits, was to obtain possession of the notes. "My object was to get the notes ; I was satisfied when the notes were out of his possession.” The prosecution was adopted as a means of coercing the plaintiff to surrender them. A prosecution thus commenced is malicious and without probable cause. The term malice does not necessarily imply spite or hatred against an individual. "In a legal sense, any unlawful act, done wilfully and purposely, to the injury of another, is, as against that person, malicious.” 2 Green, on Ev., § 453, and authorities there cited. "Prosecuting without a legal cause, in order to obtain payment of a debt, or restitution of property unlawfully detained, is a malicious prosecution.” Brooks v. Warwick, 2 Stark., 393 ; McDonald v. Rooke, 2 Bing. N. C., 219. It is evidence of " a heart regardless of social duty, and fatally bent on mischief.” That evil quality of the heart which prompts a man to make a false charge against another, for purposes of private gain or advantage, is legal malice.
The notes in question were first in the possession of the defendant. They were afterwards put, with the consent of both parties, into the hands of a broker to be discounted. *310 Both parties were present at the time. When the broker returned from an unsuccessful effort to get them, discounted he handed the notes to the plaintiff. It does not appear that any fraud or artifice was used by him to obtain possession of them, or that he made any effort at all. They were given for freight.' The plaintiff, and those for whom he acted, owned five-eighths of the vessel which earned the freight, while the defendant, and those for whom he acted, owned only three-eighths. Certainly the defendant’s right to. the possession of these notes was in no respect superior to the plaintiff’s. The defendant claimed that the vessel was indebted to him, but a subsequent adjustment of his account shows that the claim was unfounded.
The plaintiff was arrested in New York as a fugitive from justice and carried to Baltimore, and held under arrest, till, to gain his liberty, he was compelled to surrender the possession-of these notes. The charge against him was- that he had obtained possession of them by false and fraudulent pretences. We think the evidence shows conclusively that the prosecution was instituted maliciously and without probable cause; and that the verdict was clearly wrong. This view of the case renders a consideration of the exceptions unnecessary. Verdict set aside. —New trial granted.
Appleton, C. J., Rice, Davis and Kent, JJ., concurred.