ZIMRI F. AMES

*v.*

CORNELIUS SNIDER.

1. INSTRUCTION—*repeating principles.* There is no error in refusing an instruction where the same principle is stated with sufficient accuracy in another of the series given.

2. EVIDENCE—*entry not made at the proper time.* On the trial of an action for malicious prosecution, the justice's docket showing the plaintiff's discharge is properly admissible, even though it should appear that it was not written up at the time when it should have been. The plaintiff should not be prejudiced by the justice's neglect of duty.

3. SAME—*opinion of witness—malicious prosecution.* On the trial of an action for malicious prosecution, the court permitted the plaintiff to call a witness who was present at the examination of the plaintiff on a criminal charge, and heard the defendant testify against the plaintiff, and allowed the witness to give his opinion of the appearance of the defendant

on the stand, and that he was vindictive: *Held,* that there was no principle of law under which the admission of such evidence could be justified.

4. MALICIOUS PROSECUTION—*probable cause.* Probable cause for instituting a criminal prosecution is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.

5. SAME—*if probable cause, question of malice immaterial.* If there be probable cause for a criminal prosecution, it is not material whether the prosecutor was actuated by improper motives, and not merely a desire to subserve the interests of public justice. Hence, though malice may be inferred from want of probable cause, the latter will not be inferred from malice.

6. SAME—*advice of counsel as bearing on party's liability.* The law is well settled by the decisions of this court, that, where a party consults with competent legal counsel in good faith to ascertain what course to pursue in reference to acts done by another, and such counsel, after proper deliberation and examination into the facts, advises an arrest for a criminal offense, the party causing the arrest shall not be held to respond in damages for his action, notwithstanding it may appear on the trial the party accused was not guilty. But the advice must be sought in good faith, and the party must make a full and honest statement of the facts to the counsel.

7. SAME—*burden of proof of want of probable cause.* In a suit for malicious prosecution, the burden of proof rests upon the plaintiff to show by evidence the want of probable cause in the defendant.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action on the case, brought by Cornelius Snider against Zimri F. Ames, for malicious prosecution. The opinion of the court contains a summary of the facts of the case. On the trial, the jury found the defendant guilty, and assessed the plaintiff's damages at $350, upon which judgment was rendered.

Mr. J. B. RICE, Mr. E. K. WALBRIDGE, and Messrs. ELDRIDGE & LEWIS, for the plaintiff in error.

Mr. R. D. MCDONALD, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The court very properly refused to give the 14th instruction asked, for the reason the same principle was stated with sufficient accuracy in the 6th instruction of the series that was given; nor was there any error in admitting in evidence the docket of the justice of the peace. No doubt it is true it was not written up at the time it ought to have been, but the rights of defendant in error ought not to be affected by any failure of the justice to do his duty in that regard. The only purpose for introducing the docket in evidence was to show the prosecution had been terminated, and this fact did sufficiently appear from the record made by the justice.

The court, we think, erred in permitting the witness Lockwood to give his opinion of the appearance of plaintiff in error on the stand when giving his evidence in the criminal prosecution. The witness was allowed, against objection, to state, "my recollection is, that he was vindictive. I thought so. I don't know how I reached that conclusion. I have a recollection that I had that idea; that there was something wrong; that it was a vindictive thing."

There is no principle of law or rule of evidence, with which we are familiar, under which the admission of such evidence can be justified. No doubt malice may be proved by showing the conduct and declarations of the prosecuting witness, but that is a very different thing from permitting the witness to express his opinion as to whether he was vindictive. The witness should state the facts and circumstances, and leave the jury to draw their own conclusions whether the party was actuated by motives of malice or was influenced by an honest purpose to elicit the truth. On neither question should the witness be allowed to express an opinion.

In view of the other evidence in the case, we think the testimony of the witnesses Lockwood and McDonald, on this point, was calculated to mislead the jury, and, for this reason, ought to have been excluded from their consideration. It was error not to do so.

The most serious question, however, in the case, arises on the first error assigned, viz: the verdict is contrary to the law and the evidence.

The action is for malicious prosecution in causing the arrest of defendant in error on a charge of perjury. He had brought an action against plaintiff in error for work and labor done and materials furnished in erecting a house. By some inadvertence, no plea was filed, but a default suffered, and it was on the assessment of damages in that case the alleged perjury was committed.

We do not intend to comment minutely on the evidence showing probable cause, or the want of probable cause, for the criminal prosecution. All we mean to say is, we are not entirely satisfied with the verdict. A party ought not to be held guilty when he sets in motion a criminal prosecution, simply because he fails to convict the person accused, or indeed in every case where he fails to show the party was guilty. The policy of the law is rather to encourage the prosecution of criminals alleged to be guilty of grave offenses; but if the prosecuting witness is to be mulcted in damages for an honest error in judgment, few prudent men would run the hazard of instituting a criminal prosecution. It is sufficient if there is probable cause, whether the accused is in fact guilty or not.

Probable cause is defined, in numerous decisions of this court, to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief the person charged is guilty of the offense charged. Where probable cause exists, it is not material the prosecutor may be actuated by improper motives, and not merely by a desire to subserve the interests of public justice. Hence, it is said, malice may be inferred from want of probable cause, but want of probable cause may not be inferred from malice.

In cases for malicious prosecution, the chief element is want of probable cause, for if there is probable cause, no

matter what the motives of the prosecutor may have been, no action can be maintained.

During the controversy between the parties prior to the civil suit, out of which all this difficulty arose, defendant in error had often expressed a willingness to take $100 for the amount due him, and plaintiff in error, though insisting nothing was due, offered to give $50 by way of settling the matter. Therefore he was much surprised when he was told, after the assessment of damages on the default, that judgment had been rendered against him for $275. Upon inquiry, he learned the assessment had been made on the testimony of Snider alone, and he then began to question its truthfulness. There are some things that transpired in executing the writ of inquiry as to the damages sustained, that were calculated to excite some suspicion. One item of $63 was made up of damages said to have been caused by a delay of fourteen days occasioned by the wrongful conduct of Ames. It is shown the damages were computed at the rate of $4.50 per day, the exact value of the wages if the services had been rendered. Other facts were developed which it seems difficult to reconcile consistently with what is proven to be a true statement of the accounts between the parties.

There was no effort made by Ames to procure the arrest of Snider until after he had taken counsel. Indeed it does not seem that it ever occurred to him that he could have Snider arrested until after he had been advised what course to pursue. He sought advice of the witness Hollister, who is shown to be a lawyer of thirty years' experience, and one who was every way qualified by his high position and long experience to give prudent and well considered counsel. He made a fair and substantially accurate statement of the facts, as the evidence shows them to have been, to his counsel. There were doubtless some inaccuracies and some trifling omissions, but none other than might rationally be expected to occur in the several recitals from memory of the same transaction. In some of his statements, he had necessarily to rely on infor-

mation received from others, and as to such facts he made a fair representation. The testimony of the witnesses Lawrence and Blake, is full to this effect.

It was the deliberate opinion of the counsel consulted, after a very careful examination, certainly as full as *ex parte* investigations reasonably can be expected to be made, that Ames was not only justified, but that it was his duty to the public to cause the arrest to be made.

The law is settled by the previous decisions of this court, that, when a party consults with competent legal counsel in good faith, to ascertain what course to pursue in reference to acts done by another, and such counsel, after proper deliberation and examination into the facts, advises an arrest for a criminal offense, the party causing the arrest should not be held to respond in damages for his action, notwithstanding it may appear on the trial the party accused was not guilty. Any other rule would be unreasonable and pernicious in its consequences. The rule supposes always that the party seeking counsel does so in good faith, and also that he has made a full and honest statement of the facts to his counsel. There is great justness in the opposite view, if counsel is sought simply for protection against indulging his malice, it will afford no defense to the party causing the arrest, but will be rather an element of increased damages. *Ross* v. *Innis*, 26 Ill. 259.

It is not necessary the evidence should show that Snider was guilty of perjury, to constitute probable cause. By no means. And it is not intended to intimate the evidence proves any such thing. It is enough that Ames, after being advised by his counsel, had reason to believe, and did believe, he was probably guilty.

Where probable cause exists, the State has a right to have every such case investigated. It is no longer a matter of private interest to the party who deems himself injured, but it concerns public justice and the general welfare, and the

· good citizen has no right to withhold the criminating evidence he may have in his possession.

The burthen of proof rests upon the party alleging a want of probable cause; and the evidence offered by the defendant in error upon that question is of that· character, we are of opinion the ends of justice require the cause to be submitted to another jury, whose minds shall be unbiased by the improper evidence found in this record, and who will therefore be better prepared to render an intelligent verdict as to whether there was probable cause.

The judgment is reversed and the cause remanded.

*Judgment reversed.*