# DANIEL S. DAVIE

*v.*

# THOMAS N. WISHER.

1. MALICIOUS PROSECUTION—*burden of proof.* In an action for malicious prosecution, the burden of proof is on the plaintiff to show clearly that the defendant did not have probable cause to institute the prosecution complained of.

2. SAME—*probable cause.* Probable cause is defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.

3. In an action for malicious prosecution, the question is not whether the plaintiff was guilty of the offense for which he was prosecuted; he may have been entirely innocent, and yet have no ground upon which to sustain his action.

4. SAME—*advice of counsel.* In an action for malicious prosecution, in order to enable the defendant to base a defense upon the advice of counsel given, he should, in perfect good faith, obtain the advice of a competent and reliable attorney, upon a full and accurate statement of all the facts.

5. SAME—*motive of plaintiff.* On the trial of a suit for malicious prosecution of the plaintiff upon a charge of forgery in making a copy of a canceled contract, and placing it on record as an original, whilst the motive that actuated him in making the copy is not a fact directly in issue, yet it is a circumstance which is proper, in connection with the other facts in the case, to go to the jury.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. D. C. JONES, and Mr. W. W. WILLARD, for the appellant.

Mr. B. B. SMITH, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by Thomas Wisher against Daniel S. Davie. The ground of the action was, that Davie had maliciously, and without probable cause, prosecuted Wisher before a justice of the peace, for forgery.

The cause was tried before a jury in the circuit court of Marion county, and a verdict rendered in favor of appellee, for $500. A motion for a new trial was overruled by the court, and judgment rendered upon the verdict.

Davie brings the cause here by appeal, and assigns for error:

*First*—The court erred in overruling a motion for a new trial, and rendering judgment upon the verdict.

*Second*—Improper evidence was admitted, on the trial, for appellee.

*Third*—The court erred in giving instructions for appellee, and in modifying appellant's 1st and 4th instructions.

As to the instructions given for appellee, we have given them a careful consideration, and fail to find any substantial objection to them, and as none has been pointed out in the argument made by appellant's counsel, we conclude that part of the error assigned has been abandoned.

The first instruction of appellant read as follows:

" If the jury believe, from the evidence, that the defendant had given to plaintiff a bond for the conveyance of land, which was to be void upon the failure of plaintiff to comply with certain conditions therein named, and those conditions were not complied with by plaintiff, and that therefore the bond had become forfeited and void, and had been delivered up to defendant by plaintiff or his agent, and that, previous to such delivery, plaintiff had copied said bond, or written one of similar import, signing the defendant's name thereto, or caused the same to be done, with intent to assert rights under said bond, to the damage or prejudice of the rights of defendant—such conduct on the part of plaintiff was sufficient to give the defendant reasonable and probable cause to procure the arrest of the plaintiff on a charge of forgery, and you should find for defendant."

This the court modified by striking out all after the word "defendant," in the eleventh line, and, in lieu thereof, inserting the following:   " Such conduct on the part of the plaintiff may

be considered by you in passing on the question whether defendant had reasonable and probable cause to procure the arrest of the plaintiff on the charge of forgery."

The modification of the instruction by the court was correct.

We are not prepared to say the facts stated in the instruction, as drawn, would constitute forgery, or would be a justification for a man, reasonably cautious, to institute a criminal prosecution for that crime. They were, however, competent to go to the jury as declared by the court in the modification of the instruction.

The 4th instruction which appellant requested the court to give to the jury, read as follows:

"If the jury believe, from the evidence, that, previous to making said charge, defendant, being doubtful of his legal rights, had consulted legal counsel in relation thereto, (withholding no material facts from his counsel,) and made the charge pursuant to the advice of his attorney, and without malice, then such advice is sufficient probable cause for making the charge, and he is not liable to this action, although his counsel may have mistaken the law, and if such facts be proven, you must find for the defendant."

This the court modified by striking out the words in the sixth line, "then such advice is sufficient probable cause," and inserting, " then such advice may be considered by you as sufficient probable cause."

The modification of the instruction did not materially change its original meaning, but, conceding that it did, appellant could not justly complain, as the instruction, as modified and given, was more favorable to him than he had a right to ask or expect.

In order to enable a party to base a defense upon the advice of counsel given, he should, in perfect good faith, obtain the counsel and advice of a competent and reliable attorney. Neither of these facts was required by the instruction, as the law required. *Ross* v. *Innis*, 26 Ill. 259; *Ames* v. *Snider*, 69 Ill. 376.

The second point relied upon by appellant, that improper evidence was admitted, is not well taken. The evidence admitted, to which exception was taken, was, appellee was asked to state his motive or intention in taking a copy of the land contract. This evidence could do no possible injury to appellant, and while the motive that actuated appellee was not a fact directly in issue on the trial, yet it was a circumstance in connection with the other facts in the case that was proper to go to the jury.

This brings us to the consideration of the other question relied upon, that the court erred in overruling the motion for a new trial.

This point involves the sufficiency of the evidence to sustain the verdict.

The facts, as shown by the record before us, are briefly these: Appellant had sold appellee a tract of land in Marion county, and gave him a bond for a deed. Time was of the essence of the contract, and a right of forfeiture reserved, in case payments were not promptly made according to the terms of the contract.

Appellee failed to make payments according to the terms of the contract. Some time after there had been a default in payment, appellee sent an agent to appellant to procure a conveyance of a part of the land to a third party. An arrangement was effected by which the contract was surrendered to appellant, and a conveyance made as desired, for a part of the land. It was further agreed, that appellee was to have the remaining portion of the land on the payment of a certain sum of money, and a new bond was to be given, which, for some reason, appellant did not execute and deliver. Prior to this, appellee had taken a copy of the land contract, which he held in his possession, and, after the surrender of the original, he placed the copy upon record.

Some time subsequent to the surrender of the bond, appellant was notified that appellee was claiming the land under a contract executed by appellant. He then went to the record, and found the contract, examined the signatures, saw it was

not his handwriting, obtained the advice of counsel, and commenced a prosecution against appellee for forgery.

The question is not whether appellee was guilty of forgery. He may have been entirely innocent, and yet have no ground upon which to sustain this action.

The law casts the burden of proof upon appellee to show clearly that appellant did not have probable cause to institute the criminal prosecution. This court has defined probable cause to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged. *Richey* v. *McBean*, 17 Ill. 65; *Ross* v. *Innis*, 35 Ill. 505; *Collins* v. *Hayte*, 50 Ill. 353; *Palmer* v. *Richardson*, 70 Ill. 544.

Did appellee prove, by a clear preponderance of evidence, that the prosecutor had no sufficient reason to believe the accused guilty, or a want of that element known as probable cause?

Upon a careful examination of the evidence, we have failed to arrive at the conclusion that he did. Appellant found a contract, which he had not executed, in the hands of appellee. He, in company with one Musson, called upon appellee, to obtain an explanation in regard to the contract. Appellee, as sworn to by both of these witnesses, claimed to hold a land contract executed by appellant. The only evidence to contradict the testimony of these two witnesses on this point, is that of appellee, who testified that he notified them he had a copy of a contract, so that, upon this point, which is a vital one in the case, the preponderance was with appellant.

Musson, in his evidence, testifies to two interviews with appellee, in both of which, as he says, appellee claimed to hold a contract executed by appellant.

In addition to this, it appears that appellee recorded the copy of the contract as an original—no mark or character upon it to notify the public that it was but a copy.

These were the facts that presented themselves to appellant, and upon which he acted when he instituted the criminal pros-

ecution; and while it is apparent that appellee was not guilty of forgery, yet if the existence of all these facts afforded probable cause for the arrest, the jury were not warranted in finding a verdict in favor of appellee.

There is another fact that tends to prove the prosecution did not have its origin in malice. Before the criminal prosecution was commenced, appellant called upon W. W. Willard, an attorney at law, for advice, and, upon giving a statement of facts, he was advised to institute the prosecution.

If this counsel was obtained in perfect good faith, upon a full and accurate statement of all the facts, from an attorney reliable and competent, then, under the former decisions of this court, no recovery could be had. *Ross* v. *Innis*, 26 Ill. 259; *Ames* v. *Snider, supra.*

In view of all the facts disclosed by the record, we are satisfied the jury have misapprehended the weight of the evidence. It is apparent the jury lost sight of the fact that appellee might be innocent, and at the same time have no cause of action against appellant.

Under these circumstances, justice demands that the cause be submitted to another jury. The judgment will therefore be reversed and the cause remanded.

*Judgment reversed.*