## ISRAEL BEIDLER

### v.

## PETER BEIRNAERT.

*Malicious Prosecution—Conflict of Evidence—Improper Instruction to Find for the Defendant—Advice of Counsel.*

1. In an action for malicious prosecution, it is *held:* That the evidence for the plaintiff showed a good cause of action; that the conflict raised by the defendant's evidence presented questions for the jury; and that the court improperly instructed the jury to find for the defendant.

2. Advice of counsel, to be sufficient as a defense, must have been obtained in good faith from a competent and reliable attorney $u_k$ on a full and accurate statement of all the facts.

[Opinion filed February 17, 1887.]

IN ERROR to the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Beidler v. Beirnaert.

Messrs. FRANK J. SMITH & HELMER, for plaintiff in error.

We understand the rule relating to cases that may be taken from the jury to be that it is the province of the court to determine whether or not there is an absence of proof upon any essential allegation or matter, and where the court finds, as a matter of law, that there is no proof to establish any essential fact, then he may take the case from the jury. But where there is evidence tending to prove a complete case, it is a matter for the jury alone to determine the weight of the evidence. Lake Shore & M. S. Ry. Co. v. O'Connor, 115 Ill. 254.

In the case of Simmons v. C. & T. R. R. Co., 110 Ill. 340, 346, the court said: "The more reasonable rule is that when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is *so insufficient* to support a verdict for the plaintiff, that such a verdict, if returned, must be set aside, the court may direct a verdict for the defendant." Frazer v. Howe, 106 Ill. 563; Hubner v. Flige, 90 Ill. 208; Crowe v. People, 92 Ill. 231; Pennsylvania Co. v. Stoelke, 104 Ill. 201.

Messrs. CHAS. H. BARNUM and RUNYAN & RUNYAN, for defendant in error.

"Anciently it was doubted if the action would lie unless founded upon a conspiracy. It is now, however, well established, such actions will be maintained, but at the same time the *onus* is upon the party bringing the action to show that the criminal prosecution was the offspring of *malice and without any probable cause to justify it;* that the prosecutor had no sufficient reason to believe the accused guilty. If these are wanting—if *malice and a want of probable cause do not exist, the action must fail.*" Israel v. Brooks, 23 Ill. 526.

In the same case the court says: "Malice is a fact which can be proved by the circumstances attending the getting up of the prosecution, but if there be probable cause for the prosecution, the malice of the prosecutor weighs nothing, though the accused be innocent. Probable cause may be said to be a mixed question of law and fact. After the facts are

given in evidence, it is for the court to say, in its *instructions* to the jury, whether or not they make up probable cause."

" We think the more reasonable rule, which has now come to be established by the better authority, is that, when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is so .insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant." Bartolett v. Int. Bank, 119 Ill. 259.

BAILEY, J. This was an action on the case, brought by Israel Beidler against Peter Biernaert for malicious prosecution. The declaration alleges that the defendant, maliciously and without probable cause, made a complaint before a Justice of the Peace charging the plaintiff with the larceny of a horse, the property of the defendant, and caused the plaintiff to be arrested and imprisoned on said charge; that the matter of said complaint was continued from time to time by said Justice of the Peace, the plaintiff being required to enter into bonds and furnish security for his appearance; that upon the examination of the plaintiff by said Justice of the Peace, the plaintiff was bound over and required to give bonds for his appearance in the Criminal Court; that the defendant appeared before the grand jury and falsely, maliciously and without probable cause procured the indictment of the plaintiff by the grand jury for said crime of larceny; that the plaintiff was arraigned in said Criminal Court upon said indictment and tried for said supposed offense, and that upon said trial he was, by the jury, found not guilty, and fully acquitted and discharged, and said prosecution was then and there ended.

The defendant pleaded not guilty, and at the trial the plaintiff gave evidence tending to prove the proceedings before the Justice of the Peace and in the Criminal Court substantially as alleged in the declaration. He also testified on his own behalf, in substance, that in February, 1884, he bought of the defendant a horse for $140, there being no special agreement as to the time of payment; that he paid the defendant various

Beidler v. Beirnaert.

sums of money to apply on the purchase of the horse, during the spring and summer of 1884, amounting in all to $99, and that on the 28th day of September of that year he tendered to the defendant the sum of $41, the balance due for the horse; that the defendant refused to receive the money, then claiming that he had rented the horse to the plaintiff merely, and had not sold him to the plaintiff; that the defendant then sued out a writ of replevin for the horse before a Justice of the Peace, which was served on the plaintiff, the horse, however, not being found to be seized on said writ; that said replevin suit, after having been once continued, was dismissed on motion of the defendant, the plaintiff therein, and very shortly thereafter the defendant swore out a warrant for the arrest of the plaintiff on the charge of the larceny of said horse, and that thereupon the proceedings in the matter of said criminal prosecution above detailed took place.

The plaintiff here rested his case, and the defendant, in his own behalf, testified that he did not sell the plaintiff said horse, but that the transaction between them was, in fact, a renting of the horse to the plaintiff at $3 per week and that the several sums of money paid him by the plaintiff were paid as rent and not on account of the purchase money of the horse; that after the replevin writ was issued he looked for the horse at the plaintiff's stable and elsewhere and failed to find him; that he consulted one attorney who advised him to sue the plaintiff for damages; that he then went to another attorney and told him that he had rented a horse to the plaintiff, and that when he wanted to get him back the plaintiff had run him off, explaining at the same time the steps which had been taken to find and get possession of the horse, and also telling him that the plaintiff claimed to have bought the horse; that after the defendant had stated the case as above, said attorney said that he should arrest the plaintiff; that if he had run away with a horse that did not belong to him he was a thief. The defendant also introduced evidence of certain admissions by the plaintiff tending to show that the transaction between him and the defendant in relation to the horse was a lease and not a sale. The foregoing being substantially

all the evidence in the case, the court, at the conclusion of the evidence, on his own motion, orally instructed the jury to render a verdict for the defendant, which was done, and the court thereupon, after denying the plaintiff's motion for a new trial, gave judgment in favor of the defendant for costs.

The instruction to the jury to find a verdict for the defendant was clearly erroneous. The evidence for the plaintiff showed a good cause of action, and the evidence introduced on behalf of the defendant merely raised a conflict with the case made by the plaintiff which the jury should have been permitted to settle. If the defendant had, in fact, sold the horse to the plaintiff, then the prosecution was wholly without probable cause, and from such want of probable cause the jury might, we think, have inferred malice. If the transaction was a sale, that fact was necessarily within the personal knowledge of the defendant, and the prosecution could not have been undertaken in good faith, and was therefore malicious. The real issue was whether the transaction in relation to the horse was a sale or a letting of him for hire, and upon that question it was not for the court to say where the preponderance of the evidence lay.

Nor is the case relieved of its difficulty in the least by the fact that the defendant, before causing the plaintiff's arrest, stated his case to counsel and obtained and followed his advice. In cases of this character, to enable the defendant to base a defense upon the advice given him by counsel, he should, in perfect good faith, obtain the advice of a competent and reliable attorney upon a full and accurate statement of all the facts. Davie v. Wisher, 72 Ill. 262. And in such cases it is a question of fact to be determined by the jury whether the party has fairly communicated to his counsel the facts within his knowledge, and used reasonable diligence to ascertain the truth, and also whether he acted in good faith upon the advice received from counsel. Anderson v. Friend, 71 Ill. 475; Ames v. Snider, 69 Ill. 376.

The determination of the question whether the defendant fairly and truthfully disclosed to his counsel all the facts in relation to his controversy with the plaintiff, necessarily in-

volved the decision of the question as to what the real transaction between them was. If the plaintiff's testimony is true, the statement made by the defendant to his counsel was altogether false, and afforded no foundation for a defense based upon the advice of counsel. The question of the truthfulness of said statement, and of the good faith of the defendant in seeking and acting upon the advice of counsel, were clearly questions for the jury, and they should have been left to their decision.

For the error of the court in taking the case from the jury and directing a verdict for the defendant, the judgment will be reversed and the cause remanded.

*Judgment reversed.*