NATHAN NEUFELD

*v.*

AUGUST RODEMINSKI.

*Filed at Ottawa, January* 19, 1893.

144   83
81a 429

144      83
91a  1  41

144      83
101a  2271

144      83
113a  3161

144      83
115a  1245

1.   MALICIOUS PROSECUTION — *advice of counsel as a defense.* The law upholds and favors prosecutions under the public laws of the land, and shields and protects parties instituting them in good faith and from proper motives. So, when a party consults with counsel of good standing, and lays before him fully the facts within the party's knowledge, and then acts in good faith and in the honest belief that the party charged is probably guilty of the criminal offense, he will not be held responsible, if it shall turn out that the party is not guilty.

2.   SAME — *advice of counsel as a shield* — *not acted on in good faith.* But this rule supposes always that the party seeking counsel does so in good faith, and also that he has made to his counsel a full and honest statement of the facts. If counsel is sought simply for protection against indulging his malice, or to enable him to use the criminal laws for unjust and oppressive uses for his private gain and advantage, it will afford no defense to the party causing the arrest, but will be rather an element of increased damages.

3.   If a criminal prosecution is instituted by a party maliciously, and not in good faith upon the advice of legal counsel that a crime has been committed, he will be liable for a malicious prosecution, and the advice of counsel will not avail as a defense.

4.   So, if, notwithstanding the advice of counsel, a criminal prosecution is instituted for the purpose of forcing the collection of a debt, without probable cause that a crime has been committed, the party so prosecuting can not shield himself behind the advice of counsel.

5.   If a criminal prosecution is instituted against one for the mere purpose of coercing him into the payment of a debt, or the surrender of some right claimed, and not in the interest of public justice, or to vindicate the law and punish crime, and the charge is falsely made, the fact that the prosecutor procured the advice of counsel will not shield him from an action for malicious prosecution.

6.   There must be both malice and want of probable cause, and the advice of counsel sought and acted upon in good faith will constitute a defense to an action for malicious prosecution. Such advice, acted upon in good faith, constitutes probable cause; but if, without acting upon such advice, the party prosecutes for the mere purpose of collecting his debt, or to harass or annoy the person charged, it can not be said

that the advice of counsel created probable cause in the mind of the prosecutor.

7. MALICE — *what constitutes.* The evil quality of the heart which prompts a man to make a false charge against another for the purpose of private gain or advantage, is legal malice. .

8. PRACTICE IN THE SUPREME COURT — *error will not always reverse.* A judgment will not be reversed for a faulty instruction when, taking it in connection with the series given, there is no prejudicial error.

APPEAL from the Appellate Court for the First District ; — heard in that court on appeal from the Circuit Court of Cook county ; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. EDGAR C. BLUM, for the appellant :

If appellant acted upon an honest belief of appellee's guilt, based on reasonable grounds, he can not be held liable. The gist of the action is that the prosecutor acted maliciously and without probable cause. *Barrett* v. *Spaids,* 70 Ill. 408 ; *Leidig* v. *Rawson,* 1 Scam. 272 ; *Wheeler* v. *Nesbitt,* 24 How. 544.

In a suit for malicious prosecution, it must appear not only that there was a want of probable cause, but that the prosecutor was actuated by malice in causing the arrest. Both must concur. *Bishop* v. *Bell,* 2 Brad. 55 ; *Comisky* v. *Green,* 7 id. 369 ; *Hirsch* v. *Mettelman,* id. 112 ; *Russell* v. *Deer,* id. 181 ; *Harpham* v. *Whitney,* 77 Ill. 32.

To sustain the averment of malice, the charge must be shown to have been willfully false. *Harpham* v. *Whitney, supra ;* 2 Greenleaf on Ev. 453 ; 1 Hilliard on Torts, 514.

"The term malice in this form of action is not to be considered in the sense of spite or hatred against an individual, but of *malus animus,* and as denoting that the party is actuated by improper and indirect motives." *Harpham* v. *Whitney, supra.*

Has appellee established in this case that appellant, in causing his arrest, acted without probable cause ?

Probable cause for instituting a criminal prosecution is a reasonable ground of suspicion, supported by circumstances

sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged. *Ames* v. *Snider*, 69 Ill. 376 ; *Barrett* v. *Spaids*, 70 id. 409.

Probable cause is not a question of actual guilt, but of honest and reasonable belief of the prosecutor. *Gardiner* v. *Mays*, 24 App. 286.

The charge must be shown to have been willfully false. 2 Greenleaf on Ev. sec. 453, and authorities cited.

As to the legal advice of counsel constituting a defense, see *Ames* v. *Snider*, 69 Ill. 381 ; *Barrett* v. *Spaids*, 70 id. 413 ; *Anderson* v. *Friend*, 71 id. 475 ; 85 id. 135 ; *Lowenthal* v. *Streng*, 90 id. 74 ; *Stuart* v. *Sonneborn*, 98 U. S. 187.

It is well settled in this State and, we think, all others, that the advice of counsel, obtained in good faith, constitutes sufficient probable cause. *Davie* v. *Wisher*, 72 Ill. 264 ; *Ash* v. *Marlow*, 20 Ohio, 119 ; *Hill* v. *Palmer*, 38 Mo. 13 ; *Eastman* v. *Hansom*, 44 N. H. 519 ; *Walter* v. *Sample*, 25 Pa. St. 275.

Mr. John McGaffey and Mr. Theodore G. Case, for the appellee.

Mr. Justice Shope delivered the opinion of the Court :

This was an action for malicious prosecution brought by appellee against appellant in the Circuit Court of Cook county, which resulted in a judgment of $3000, which is stated by appellant's counsel to have been reduced to $1000 in the Appellate Court, where the case was heard on appeal and the judgment for the latter sum, as it would seem, affirmed.

The questions of fact pressed upon our attention have been settled adversely to the contention of appellant by the judgments of the Appellate and Circuit Courts. It is also insisted that the court erred in giving the following instruction :

" If the jury believe from the evidence that the defendant maliciously, or for the mere purpose of forcing the collection

of an ordinary debt, and without probable cause, instituted the prosecution complained of in the declaration, or that said criminal prosecution was instituted from a fixed determination on the part of the defendant to harass and oppress the plaintiff, rather than from the opinion of legal counsel to the effect that plaintiff was probably guilty of the crime charged against him; or if the jury believe from the evidence that a full, fair and true statement of all the facts known to the defendant was not submitted to counsel, then, and in either case, the opinion given by the counsel is no defense in this action, provided the jury further believe from the evidence that the criminal charge was false, malicious and without probable cause."

The Appellate Court, as it is claimed, refused to pass upon the errors assigned, questioning the correctness of the instructions, for the reason that it did not appear from the record at whose instance they were given.

Waiving this objection and treating them all as given for the plaintiff, we incline to the opinion that no prejudicial error has intervened.

The jury were fully instructed that the burden was upon the plaintiff, to show by evidence that the defendant in causing the arrest of the plaintiff, complained of, acted maliciously and without probable cause to believe that the plaintiff was guilty of the crime with which he was charged; and that the jury must believe from a preponderance of the evidence before they could find for the plaintiff that the defendant so acted maliciously and without probable cause. That, although they believed from the evidence that the defendant was actuated by malice, in causing said arrest of the plaintiff, yet no right of recovery existed unless the plaintiff had proved, by a preponderance of the evidence, that the defendant acted without probable cause.

Correct definitions of malice were given and the jury were told, " that by probable cause is meant, reasonable ground of suspicion supported by facts or circumstances sufficiently strong

in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged." *Ames* v. *Snyder,* 69 Ill. 376; *Barrett* v. *Spaids,* 70 id. 409.

The jury were then told, that where a party consults with competent legal counsel in good faith, to ascertain what course to pursue in reference to acts done by another, and the counsel, after proper deliberation and examination of the case, advises an arrest for a criminal offense, and the party acts thereon, he will not be held to respond in damages for his action, notwithstanding it may appear that the party accused was not guilty of the supposed crime, provided it appears from the evidence that such advice was sought in good faith, and that a fair, full and true statemen of all the fact was submitted to the counsel, and that the party instituting the criminal prosecution was induced to act, and acted on such advice in good faith. *Ross* v. *Innis,* 35 Ill. 487; *Davie* v. *Wisher,* 72 id. 262; *Anderson* v. *Friend,* 71 id. 475; *Skidmore* v. *Bricker,* 77 id. 164; *Murphy* v. *Larson,* id. 172. And the jury were again told, that although the plaintiff was not guilty of the offense for which the defendant caused his arrest, yet the plaintiff could not recover unless he established by the evidence that the defendant had no probable cause to believe him guilty. Then follows in the series the instruction quoted. It is objected first, that by the instruction under consideration, the jury were told that if they believed that the defendant maliciously, or for the mere purpose of forcing the collection of an ordinary debt, and without probable cause, instituted the criminal prosecution complained of, then the opinion given by counsel is no defense to the action, provided they further believed " from the evidence that the criminal charge was false, malicious and without probable cause."

It is manifest that if the jury believed, as stated in the last clause of the instruction just quoted, that the criminal charge made by the defendant, was " false, malicious and without probable cause," that the defendant was without legal defense

to the action. But in any event, if the prosecution was instituted maliciously by the defendant, and not in good faith upon the advice of counsel that a crime had been committed, the advice of counsel could not avail.

So, if, notwithstanding the advice of counsel, the prosecution was instituted for the mere purpose of forcing the collection of an ordinary debt, without a probable cause to believe that the crime had been committed, the defendant could not shield himself behind the advice of counsel.

It is said : " That evil quality of the heart which prompts a man to make a false charge against another for the purpose of private gain or advantage, is legal malice." *Kimball* v. *Bates*, 50 Me. 308. See *Brooks* v. *Warwick*, 2 Starkie, 393 ; *Ross* v. *Langworthy*, 13 Neb. 492.

If the criminal prosecution against appellee was instituted for the mere purpose of coercing him into payment of a debt, or the surrender of some right claimed, and not in the interest of public justice, or to vindicate the law and punish crime, and was falsely made, the fact that he procured the advice of counsel will not shield him from the consequences of his wrongful act, done, not in good faith upon such advice, but with the sinister motive of personal gain. The law upholds and favors prosecutions under the public laws of the land, and shields and protects parties instituting them in good faith and from proper motives. So where a party consults with counsel of good standing, and lays before him fully the facts within the party's knowledge, and then acts in good faith, and in the honest belief that the party charged is probably guilty of the criminal offense, he will not be held responsible if it shall turn out that the party is not guilty. But as said in *Adams* v. *Snyder*, *supra*, this rule supposes always that the party seeking counsel does so in good faith, and also that he has made to his counsel a full and honest statement of the facts. If counsel is sought simply for protection against indulging his malice, or to enable him to use the criminal laws for unjust and

oppressive uses for his private gain and advantage, it will afford no defense to the party causing the arrest, "but will be rather an element of increased damages." *Ross* v. *Innis*, 26 Ill. 259.

There must be both malice and want of probable cause, and the advice of counsel, sought and acted upon in good faith, will unquestionably constitute a defense in an action for malicious prosecution. But the party must have acted in good faith upon the advice, for the reason that it is assumed that the advice of counsel creates that probable cause, without which to institute a criminal prosecution against another can not be tolerated. So, if, without acting upon the advice, the party, for the mere purpose of collecting his debt, or to harass or annoy the person charged, instituted the criminal prosecution, it can not be said that the advice of counsel created probable cause in the mind of the prosecutor or caused him to believe the accused guilty.

While the instruction is not to be commended in the manner drawn, we are of opinion, when taken in connection with the series given, there was no prejudicial error. Objection is also made to the refusal of certain instructions containing the statutory provision in respect of embezzlement by bailees, warehousemen and others. They were properly refused.

In no possible way that we can see would they tend to illustrate or shed light upon the questions at issue.

Finding no prejudicial error, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*