## Toledo, Peoria & Western Ry. Co. v. George Endres.

1. Railroads—*Combustible Matter on Right of Way—Equipment of Engines.*—When a fire is set upon the right of way and communicated to the plaintiff's premises by reason of the negligence of the company in permitting the right of way to be covered by weeds and grass in combustible condition, it is not material how the engine which set the fire is equipped with appliances to prevent the escape of sparks.

2. New Trial—*Surprise—Change of Base by Adverse Party.*—Where, upon the second trial of a suit in the Circuit Court, pending upon appeal from a justice of the peace, the plaintiff shifts his position and makes out a different case from that upon the first trial, *it was held* that the defendant could not rely upon the plaintiff's making out the same case again, and that he was under no obligation to notify the defendant that he would not.

3. Same—*Cumulative Evidence.*—A new trial will not ordinarily be granted to enable a party to offer evidence which is merely cumulative and not substantially decisive of the question at issue.

**Memorandum.**—Action for damages from fires. In the Circuit Court of McDonough County, on appeal from a justice of the peace: the Hon. Charles J. Scofield, Judge, presiding; trial by jury; verdict and judgment for plaintiff; error by defendant. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

Sherman & Tunnicliffs, attorneys for plaintiff in error; Stevens & Horton, of counsel.

Pontious & Mickey, attorneys for defendant in error.

Mr. Presiding Justice Wall delivered the opinion of the Court.

This is a writ of error to reverse a judgment for $65 for damages done to the meadow, hedge and fence of the plaintiff by fire started from sparks thrown by the locomotive engine of the defendant.

The case originated before a justice of the peace and was removed by appeal to the Circuit Court, where, upon a trial, the plaintiff recovered a verdict, which, upon motion of defendant, was set aside.

A second trial in the Circuit Court resulted in the verdict and judgment now under consideration. On the first trial in the Circuit Court the jury, in answer to special interrogatories, found that the fire originated outside of the right of way of the defendant company, and that the locomotive engine then in use was not supplied with the most approved appliances to prevent the escape of sparks.

On the second trial in the Circuit Court the jury, in answer to special interrogatories, found that the fire did not originate outside of the defendant's right of way, and that the locomotive engine was supplied with the best known appliances to prevent the escape of sparks, and on this trial it was shown that the right of way was foul with weeds and dry grass. If the fire was set upon the right of way and communicated thence to the plaintiff's premises by reason of the negligence of the defendant in permitting the right of way to be covered by weeds and grass in combustible condition, it was not material to inquire how the engine which set the fire was equipped with appliances to prevent the escape of sparks.

It is claimed that on the first trial in the Circuit Court, the plaintiff proved by his own testimony and that of two other witnesses, Crabtree by name, that the fire started beyond the right of way, but that on the last trial he shifted his position, insisting that it originated on the right of way and did not call the Crabtrees as witnesses, and by this course he misled the defendant so that it was taken by surprise and was not prepared to prove, as it could have done by said witnesses, that the fire started beyond the right of way. This is the sole ground upon which it is urged that the judgment should be reversed. The plaintiff testified on the last trial that he did not see the fire start and did not know where it started, but that he found a place on the right of way which had been burned over and a trail burned thence to the adjoining field, from which it passed to his premises.

On cross-examination he maintained that while he did not testify to this fact on the former trial, he also did not

then or ever say that the fire started beyond the right of way but only that the Crabtree boys said so, and that they also said that the men in charge of the engine threw fire with a shovel so that it alighted beyond the right of way; that he was not satisfied with their testimony and did not subpœna them to appear at this trial for that reason.

He produced George Hutchins, whose testimony supported him as to the fact that a part of the right of way was burned over, and he proved that there was a high south wind at the time which would tend to carry the fire from the right of way north toward his premises, so that if the fire really originated beyond and north of the right of way it would not be likely to burn south on the right of way as was shown it did.

The defendant, in support of the motion for a new trial, produced the affidavits of its attorneys as to their surprise upon the plaintiff's change of position and the affidavits of the Crabtrees that the fire started some five to eight feet beyond the right of way. The plaintiff by a counter affidavit showed that the same attorneys appeared for defendant on the former trial, and that they then heard the said Crabtrees testify that the fire started beyond the right of way; that he had never claimed to know where it started and had only testified to what they had told him and to the appearances that he had observed.

The court overruled the motion for a new trial, and though the point is vigorously urged in the appellant's brief that the appellee, plaintiff below, was chargeable with such fraudulent conduct in this respect as should set aside the verdict, we are not disposed to take that view. Very much would depend upon the demeanor and manner of the plaintiff.

The trial court, recalling his former testimony, could determine much better than we, whether he was acting fairly and honestly, whether his apparent change of position was in good faith, and how much he had really changed his position.

If he was truthful, and if Hutchins was also, the jury had enough evidence upon which to base their finding.

The question would then be how far a party is bound to present his case in the same light, and to place his right to recover upon the same ground, on the second trial as on the first, and how far he must be held responsible for any surprise occasioned to the other side by a change of position. Although counsel filed an affidavit that they were surprised by the plaintiff's testimony (and presumably by that of Hutchins' also), yet they made no application during the trial, for delay until they could bring in the Crabtrees, who may have been readily obtainable, for all that appears to the contrary.

Not only so, but they offered the testimony of G. K. Beasley to show the admissions of the plaintiff as to where the fire started, and then offered the testimony of the master mechanic, boiler inspector and train dispatcher to show that the engine which set the fire was well equipped to prevent the escape of sparks, and further offered in evidence a letter written by the plaintiff to Mr. Armstrong, superintendent of the road, a few days after the loss, in which he said that the " fire started on your right of way."

It was, of course, well understood by counsel that it was important for the defense to show that the fire originated beyond the right of way, and knowing, as they did, that the Crabtrees would so testify, they should have subpœnaed them for the defendant, for they must have known, from the plaintiff's letter just referred to, that he at first thought it started on the right of way, and after having his first verdict set aside, would be very likely, on the second trial, to rely upon the negligence of the defendant in failing to keep the right of way clear of inflammable rubbish. Aside from the fact that the affidavit of the attorneys does not show that they could not have obtained the presence of the Crabtrees, and thus got their testimony before the jury after the plaintiff testified, we think due diligence, under the circumstances, would have required them to subpœna those witnesses on their part. They had no right to rely upon the plaintiff calling them a second time, and the plaintiff was under no legal obligation to notify them that he would not.

It must also be remembered that a new trial will not or-

dinarily be granted to enable a party to offer evidence which would be merely cumulative, and which would not be substantially decisive of the question.

It is not certain that the jury would or should have found differently if the testimony of the Crabtrees had been before them, in view of the improbable story they once told, that the fire was thrown by the engineer or fireman beyond the right of way, and their manner and appearance, when on the stand at the former trial, might be considered by the court, who saw and heard them, in determining how far their evidence would probably affect the jury. All things considered, we are of opinion the motion for a new trial was properly overruled, and that the judgment should be affirmed.