Henry Albrecht and Frederick Ahring, partners under the firm name of H. Albrecht & Co., v. John Ward.

1. MALICIOUS PROSECUTION—*Advice of Counsel as a Defense.*— Where a person about to institute a criminal prosecution applies to officers whose duty it is to prosecute persons for violations of the law, and in good faith states fully and clearly all the facts, and acts upon the advice of such officers, he is not guilty of malicious prosecution.

2. INSTRUCTIONS—*Requiring More than a Preponderance of the Evidence.*—An instruction in an action for malicious prosecution upon the question of the advice of counsel, which requires the jury to be satisfied from the evidence that the advice of counsel was sought in good faith, and that a full, fair and true statement of all the facts was made to the counsel, requires a higher degree than a preponderance of the evidence and is erroneous.

Case, for malicious prosecution. Appeal from the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

Statement.—This is an action for malicious prosecution. The declaration contains two counts. The first count charges, in substance, that Henry Albrecht, one of the appellants, with the advice and co-operation of his partner, appeared before one J. J. Driscol, a justice of the peace of St. Clair county, and there falsely and maliciously, and without any reasonable or probable cause, charged the plaintiff with having embezzled the sum of six dollars and eighty cents; that thereupon said justice issued his warrant for the arrest of the plaintiff; that upon said warrant the plaintiff was arrested and imprisoned five hours; that afterward a change of venue was granted to one P. F. McKane, a justice of the peace of said county, before whom a hearing was had, and upon such hearing the plaintiff was acquitted of the said supposed offense, and that said prosecution is wholly ended and determined.

The second count avers that on the 3d day of February, 1899, the defendants falsely and maliciously, and without any reasonable or probable cause, appeared before the grand jury of said county, and there charged the plaintiff with having embezzled the sum of twenty-five dollars from the said Albrecht & Company, and thereby caused the plaintiff to be indicted by the grand jury for the said offense, and falsely and maliciously caused the plaintiff to be arrested and imprisoned until he could give bond for his appearance; and falsely and maliciously, and without any reasonable cause, procured the plaintiff to be carried into custody before the Circuit Court of said county, where he was tried for the said supposed offense, and upon such trial he was fully acquitted of the said supposed offense, and said prosecution is wholly ended and determined, etc.

To the declaration the defendants pleaded not guilty. The cause was tried, resulting in a verdict finding the defendants guilty and assessing the plaintiff's damages at four

hundred dollars, upon which, after overruling defendants' motion for a new trial, the court rendered judgment, to reverse which the present appeal is prosecuted.

B. H. CANBY, attorney for appellants.

C. E. POPE, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

As this case must be reversed, we will not discuss evidence for or against probable cause for the prosecution of appellee. He was in the employ of appellants, who were engaged in the wholesale and retail liquor business, and as such, received money at the bar and collected bills. During such employment, it was claimed that he embezzled certain moneys of appellant, for which he was prosecuted. The evidence as to probable cause is conflicting, and if the decision of the case turned alone upon this issue, the verdict of the jury would be accepted as conclusive. Upon the part of appellants it is claimed, that prior to the arrest of appellee, a full and fair statement of the material facts in the case was made to John C. Harder, an attorney, and an assistant to the state's attorney of the county, and that he advised that a warrant should be sworn out, which was done. Upon the hearing before the justice, appellee was discharged. That subsequently, appellants made a full and fair statement of all the material facts within their knowledge, or that could be reasonably ascertained, to Martin D. Baker, state's attorney of the county, including the fact of the discharge of appellee before the justice, and that he upon such statement advised that appellee was guilty of embezzlement, and that it was their duty to present the case to the grand jury, which was done, and an indictment returned.

The evidence tends to support this defense. Appellants applied to officers whose duty under the law was to prosecute persons who had violated the law. If their statement of the material facts were fair and full, and they acted in

good faith, upon the advice of the state's attorney, they are not guilty of malicious prosecution.    Calef v. Thomas, 81 Ill. 478;  Neufield v. Rodeminski, 144 Ill. 83.

This was an affirmative defense, and required to be sustained by a preponderance of the evidence only.    The ninth instruction given for appellee required a higher degree of evidence.    It is as follows :

" That in order to render the advice of counsel any protection in this suit to the defendants, the jury must be satisfied from the evidence, that such advice was sought in good faith, and that a fair, full and true statement of all the facts was submitted to the counsel, and that they, in instituting the prosecution, were induced to act, and acted on such advice, without previous determination to prosecute the plaintiff whether so advised or not."

The law does not require that the jury should be satisfied from the evidence.    If they believed from a preponderance of the evidence it was sufficient.    Rolfe v. Rich, 149 Ill. 436; Ruff v. Jarrett, 94 Ill. 475.

The evidence in this case is conflicting, and an erroneous instruction as to the weight of evidence necessary to establish a contested issue is therefore fatal.

Judgment reversed and case remanded.