### Samuel M. Freeman v. Lyman Wright.

1. MALICIOUS PROSECUTION—*when advice of counsel is not a defense to an action for.* Where the prosecution complained of in such an action was instituted and conducted to harass, oppress and coerce, advice of counsel is no defense.

2. TRESPASS—*what defense to criminal action for.* It is a good defense to an action instituted under the section of the Criminal Code which provides that " Whoever wilfully enters and passes over any garden, yard or other improved field after being expressly forbidden so to do by the owner or occupant thereof, shall be fined not exceeding $5," to show that the accused had permission from the tenant cultivating the land in question to enter and pass over the same, and that he did so pass over the same without interfering in any way with the rights of the owner.

3. MEASURE OF DAMAGES—*when error in instruction upon, is harmless.* Where an instruction upon this subject is open to criticism in that it enumerates elements of damages not supported by the proof, such error will be deemed harmless where the amount of the verdict is so small as to indicate that the error in question did not operate to the prejudice of the defendant.

Action on the case for malicious prosecution. Appeal from the Circuit Court of Clark County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

GOLDEN, SCHOLFIELD & BOOTH, for appellant.

H. C. BELL, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee brought this action for malicious prosecution, and upon a trial before a jury, recovered a verdict for $150, upon which judgment was rendered.

The appellant and appellee are adjoining landowners, the

land of the former lying north of and between the land of
the latter and the public highway running east and west.
Upon the petition of appellee, a road for private and public
use was regularly ordered to be laid out across the lands of
appellant, twenty feet wide, being ten feet on each side of
the center line dividing appellant's eighty-acre tract of land.
After the payment by appellee and the town to appellant
of the damages awarded, but before such road was formally
opened, appellant, upon condition that appellee would put
in certain gates, gave the latter permission to travel over
the west ten feet, but refused to permit him to travel over
the east ten feet, claiming that such travel would injure
the growing crops. The land on both sides of the fence
dividing the eighty-acre · tract was in the possession of a
tenant, and from the latter, appellee obtained permission to
travel over the east ten feet. In pursuance of such permis-
sion from the tenant and against the protest of appellant,
appellee traveled on the east ten feet, cutting wires strung
by appellant as an obstruction to such travel. Thereupon
appellant, after consultation with reputable, licensed attor-
neys, procured a warrant for the arrest of appellee for a
violation of the Criminal Code, which provides, "Whoever
wilfully enters and passes over any garden, yard or other
improved field, after being expressly forbidden so to do by
the owner or occupant thereof, shall be fined not exceeding
$5." On the hearing before a justice of the peace, appellee
was discharged and thereupon brought this suit.

The main defense interposed by appellant was, that he
acted on the advice of reputable licensed attorneys in insti-
tuting the prosecution against appellee. The contention of
appellee that appellant did not fully and fairly disclose to
his attorneys all the material facts bearing upon the ques-
tion of appellee's guilt of the offense charged, is not sus-
tained by the record. We are of opinion, however, that
the jury were fully warranted in finding that appellant's
attorneys did not advise the criminal prosecution against
appellee, but rather discouraged such prosecution and that
the same was instituted on his own motion to harass and

oppress appellee, and to coerce him into a surrender of a right claimed by him. A prosecution for such purposes, even upon advice of counsel, cannot be justified as having been instituted in good faith. Neufeld v. Rodeminski, 144 Ill. 83. Appellee had permission from the tenant cultivating the land, to enter and pass over the same, and he did so without interfering in any way with the rights of appellant. That appellant was actuated by malice in instituting the prosecution against appellee, does not admit of doubt under the evidence, and that he lacked probable cause is almost equally apparent.

While appellee's fifth instruction is open to the criticism that it enumerates elements of damage not supported by proof, we do not think, in view of the amount of the verdict, that it operated to the prejudice of appellant.

The judgment is affirmed.

*Affirmed.*