**Salmon O. Levinson, Appellant, v. George W. Thomas, Appellee.**

### Gen. No. 16,479.

1. MALICIOUS PROSECUTION—*lack of probable cause.* To maintain an action for malicious prosecution, plaintiff must aver and prove defendant acted maliciously and without probable cause.

2. MALICIOUS PROSECUTION—*when party acts on advice of attorney.* A party is not responsible in malicious prosecution where he acts on the advice of a competent attorney after presenting to him all the facts; this rebuts the presumption of malice and negatives want of probable cause.

3. NEW TRIAL—*newly discovered evidence.* A motion for new trial, by party seeking to introduce newly discovered evidence, is properly denied, where such evidence was always obtainable and no sufficient excuse is shown for failure to produce it at the trial.

Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 16, 1912. Rehearing denied and opinion modified October 30, 1912.

NEWMAN, NORTHUP, LEVINSON & BECKER and ROSENTHAL & HAMILL, for appellant; CHARLES H. HAMILL and CHESTER E. CLEVELAND, of counsel.

WEST & ECKHART, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellant was arrested on a warrant issued on the complaint of appellee, in which appellant was charged with perjury in verifying a bill in chancery filed by him under the Burnt Records Act. A preliminary hearing was had and appellant was discharged. Appellant then brought this suit against appellee for malicious prosecution. Issue was joined and the trial resulted in a verdict of not guilty. Judgment was entered on the verdict, and the cause comes here on appeal.

In order to maintain a suit for malicious prosecution the plaintiff must aver and prove, among other

things, that the defendant, in procuring the arrest of the plaintiff, acted maliciously and without probable cause for believing the defendant to be guilty of the crime charged.

It is the well established law in this State that where a prosecuting witness presents all the facts within his knowledge, or that he could have ascertained by reasonable diligence, fairly and without reserve to a state's attorney, or some other lawyer of recognized ability and good standing, and in good faith acts on his advice, he cannot be held responsible in an action for malicious prosecution. Anderson v. Friend, 71 Ill. 475; Neufeld v. Rodeminski, 144 Ill. 83; Calef v. Thomas, 81 Ill. 478; Roy v. Goings, 112 Ill. 656. If that course is pursued, it is held to negative the want of probable cause and to rebut the presumption of malice, even though such counsel gives him bad advice and even if the facts made the basis of the charge do not constitute the crime charged. We think the proof in this case clearly shows that before appellee procured the warrant on which appellant was arrested, he fairly and fully presented the facts in the case to the then state's attorney of Cook County, who, through his assistants in charge of that class of work, advised him to procure the warrant and that there was sufficient ground to warrant him in so doing; that in pursuance of that advice he in good faith did procure the warrant in question. There is no claim that the state's attorney or his assistants were not attorneys of standing or ability, or that they acted in bad faith, or that appellee would not be justified in acting on their advice. Upon that state of facts appellee was not liable in damages for malicious prosecution, and the jury could not have properly found a different verdict than not guilty.

It is contended that the court below should have awarded a new trial to appellant to permit him to introduce newly discovered evidence. The claimed newly discovered evidence was the testimony of the

state's attorney concerning certain conversations between appellee and the state's attorney, occurring after the discharge of appellant on the preliminary hearing above referred to, by which appellant claims the motive of appellee is disclosed. An examination of the record discloses that this evidence was cumulative in character and was known to appellant before the trial began, and that appellant exercised no diligence whatever to have the witness present at the trial. Appellant undertakes to excuse his lack of diligence in this respect by saying he did not suppose appellee would rely in this case for a defense on the fact that he had acted under the advice of the state's attorney in suing out the warrant, because on a former trial he had said he acted on his own initiative. That is not sufficient excuse for two reasons. First, because a partizan has no right to assume that because his opponent has failed to interpose a proper defense on a former trial or in a former case, he will not rely on it when the next opportunity arises (Toledo, P. & W. R. Co. v. Endres, 57 Ill. App. 69); and, second, because the record discloses that when counsel for appellee made his opening statement of facts to the jury on which appellee would rely for his defense, it was plainly stated that what he did in causing appellant's arrest was done under the advice of the state's attorney and his assistants. If appellant was taken by surprise by that announcement and could present any sufficient excuse for his not being then able to meet the defense, because of his inability to produce the state's attorney as a witness, he should then have made his motion for a continuance. This he did not do, presumably because he appreciated that he could not show such diligence in preparing for trial as would be necessary to warrant a continuance. We know of no instance where a party has been allowed to speculate on the result of a trial and when the verdict was adverse to him has been awarded a new trial to allow him to introduce evidence he negligently failed to pro-

duce at the first trial. This so-called newly discovered evidence not being in fact newly discovered, it being in any event cumulative, and no diligence having been shown on the part of appellant to produce it on the trial and no sufficient excuse being shown for the lack of diligence to so produce it, the motion for a new trial to permit its introduction was properly denied.

Complaint is made as to the giving and refusing of instructions. These instructions relate to issues in the case other than the question of appellee's reliance on advice of proper counsel as a defense, and have no bearing on that question. As to that question which we regard as controlling in this case, there is no claim that the jury were not properly instructed. The verdict of the jury is in accord with the decided weight of the evidence and the rulings of the court are in accord with the law. The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*