## Wladislaw Franczak, Plaintiff in Error, v. Anton Plotzki, Defendant in Error.

### Gen. No. 16,645.

1. MALICIOUS PROSECUTION—*probable cause question for the jury.* In malicious prosecution for causing plaintiff's arrest for breach of the peace, the jury are not to determine plaintiff's guilt, but whether defendant instituted the prosecution without probable cause and with malice.

2. EVIDENCE—*on issues of probable cause and malice.* In malicious prosecution for causing plaintiff's arrest for breach of the peace, testimony to prove illicit relations between the plaintiff and defendant's wife is admissible upon the issues of probable cause and malice.

3. MALICIOUS PROSECUTION—*probable cause.* In malicious prosecution probable cause means "reasonable ground of suspicion supported by facts or circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged."

Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed March 24, 1913.

EDWARD W. CULLEN, for plaintiff in error.

EDWARD J. ADLER, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The defendant caused the plaintiff's arrest, charging him with a violation of Section 1454 of the 1905

Municipal Code of Chicago, which in part is as follows:

"All persons who shall make, aid, countenance or assist in making any diversion tending to a breach of the peace within the limits of the city shall be deemed guilty of disorderly conduct, and upon conviction therof shall be severally subject to a fine of not less than one dollar nor more than two hundred dollars."

On a hearing before a Judge of the Municipal Court of Chicago the plaintiff was discharged. The plaintiff then brought an action against the defendant for malicious prosecution. On a trial thereof the jury found the defendant not guilty. The Court denied plaintiff's motion for a new trial and entered a judgment of nil capiat and for costs against the plaintiff, and to reverse same he sued out this writ of error.

The only error urged by the plaintiff is that the court admitted testimony of witnesses, over the plaintiff's objection, that tended to prove illicit relations between the plaintiff and defendant's wife. It is argued that the said testimony did not tend to prove disorderly conduct by the plaintiff in that it was not conduct that disturbed the peace and quiet of the community. The defendant, prior to swearing to the complaint on which the warrant was issued for the plaintiff's arrest, was informed of the plaintiff's conduct with the defendant's wife, about which the witnesses testified, and acting on the said information caused the said arrest. The question for the jury was, not the plaintiff's guilt, but did the defendant institute said prosecution without probable cause and with malice. "By probable cause is meant, reasonable ground of suspicion supported by facts or circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged." Neufeld v. Rodeminski, 144 Ill. 83.

We think the said testimony competent upon both issues—probable cause and malice.

The judgment is affirmed.

*Affirmed.*