## J. B. Colt Company v. Grubbs.

(Decided January 9, 1925.)

### Appeal from Caldwell Circuit Court.

1. Malicious Prosecution—Burden of Proof on Plaintiff.—Burden is upon plaintiff to show prosecution is at end, that it was malicious, and without probable cause.

2. Malicious Prosecution—Advice of Counsel on Full Disclosure of Facts Defense.—That defendant before procuring plaintiff's arrest laid all facts before competent attorney, and fairly obtained advice that prosecution was legal, and in good faith acted on such advice, is a complete defense, though all facts bearing on guilt or innocence of plaintiff which prosecutor knew or could have known by reasonable inquiry must have been fully and fairly disclosed.

3. Malicious Prosecution—Defense of Advice of Counsel Held Not Defeated by Nondisclosure of Certain Facts.—That defendant, before instituting prosecution against salesman for forging its indorsement on customer's check, and for giving a "cold check," failed to disclose to counsel that salesman had sued it, and had authority to make collections, and that its agent had admitted indebtedness to the salesman, and had been active in fomenting trouble, held not to defeat its right to rely on counsel's advice as a defense.

4. Principal and Agent—Authority to Make Collections is Not Authority to Indorse Checks Given in Payment.—Agent's authority to make collections is not authority to indorse checks given in payment of debts due principal.

5. Malicious Prosecution—Advice of Counsel Must have been Obtained from Adviser of Competency.—Advice must have been

honestly obtained from an adviser of competency and integrity to give rise to defense of advice of counsel.

6. Malicious Prosecution—Counsel though Attorney for Prosecutor Not Disqualified to Give Advice.—That counsel consulted was attorney for prosecutor does not render him interested, or disqualify him from giving advice which may constitute basis of defense of advice of counsel.

7. Malicious Prosecution—Whether Facts Constitute Probable Cause Question of Law.—What facts and whether particular facts constitute probable cause is question of law.

8. Malicious Prosecution—One is Not Bound by Adverse Advice of One whose Advice has Not been Sought.—One instituting prosecution of another is not bound by adverse advice by one whose advice he has not sought, and before whom he has not laid the facts, though he is required to listen to pertinent facts disclosed by any one.

9. Malicious Prosecution—Malice Immaterial where Prosecutor had Probable Cause.—Malice is wholly immaterial if prosecutor had probable cause in instituting prosecution.

10. Malicious Prosecution—Malice and Want of Probable Cause Essential.—Malice together with want of probable cause is essential to liability for malicious prosecution.

11. Malicious Prosecution—Malice Inferred from Want of Probable Cause.—Malice may be inferred from want of probable cause, though converse of proposition is never true.

12. Malicious Prosecution—Actions Not Favored.—Actions for malicious prosecution are not favored.

JOHN C. GATES and GROVER SALES for appellant.

M. D. GRUBBS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This is an appeal from a judgment of $1,500.00 for malicious prosecution. To assist the readers of this opinion we refer them to 204 Ky. 189, 263 S. W. 749, where a case between these same parties will be found.

Though appellee's name is "M. D. Grubbs," he was for some reason going under the name of "W. B. Grubbs." Appellee was engaged in selling acetylene light plants manufactured by appellant. He had sold one of these to Mr. J. S. Murphy, and on July 21, 1921, Murphy drew a check upon the First National Bank of Princeton, Ky., for $284.00 payable to the order of J. B. Colt Company, in payment for this lighting plant. Across the back of this appellee wrote: "J. B. Colt Co., W. B. Grubbs, Dist. Mgr.," and deposited it in the First Na-

tional Bank to the credit of W. B. Grubbs. On July 30, 1921, he sent to appellant a check drawn by him on that bank signed W. B. Grubbs, payable to J. B. Colt Co., for $298.20, "for J. S. Murphy account in full," which was duly received by appellant and deposited for collection. Upon presentation to the drawee bank, payment was refused on account of insufficient funds to the credit of W. B. Grubbs, and it was protested for nonpayment.

On September 24, 1921, he sued appellant, and it thereupon began an investigation which resulted in its discovering that the man it knew as W. B. Grubbs was in reality M. D. Grubbs. It also learned that its name had been endorsed upon the Murphy check, and of the appropriation by Grubbs of the proceeds. It had then had in its possession for some time the check for $298.20 given it by Grubbs on July 30.

Through its agents it procured in November, 1921, the indictment of appellee for forging the name of appellant upon the Murphy check, and the indictment of appellee for violating Ky. Statutes, section 1213a in giving the $298.20 check. Both of these indictments were subsequently dismissed upon motion of the Commonwealth's attorney. The term began on June 5, 1922, these indictments were then dismissed, and on that same day the appellee began this action by filing in the Caldwell circuit court his petition charging appellant and others with having procured this prosecution of appellee maliciously and without probable cause, and in his petition he prayed for $15,500.00 damages. Appellee dismissed his action as to T. A. Frazier. The defendants, J. B. Colt Company and E. P. Glor, answered putting appellee's claim in issue. A trial was had which resulted in a judgment for $1,500.00. A new trial was given Glor by the trial court, and refused to appellant.

The burden was on appellee to show the prosecution was at an end, that it was malicious and without probable cause. Bazzell v. I. C. R. R. Co., 203 Ky. 626, 262 S. W. 966.

The defense relied on was probable cause. The defendants had the Murphy check upon which appellee had written the endorsement of the J. B. Colt Co., and they had the $298.20 check that is referred to as "the cold check," and before starting the prosecution they took these two checks, a lot of correspondence, some books of accounts and other documents and put them before Mr. Grover Sales, of the firm of Bruce, Bullitt &

Gordon, the general counsel for appellant in Kentucky, and he says:

> "I advised Mr. Glor that Mr. Grubbs could be proceeded against for forgery and I wrote Mr. Gates about the matter and asked him, as local counsel, to go over the situation with Mr. Glor and Mr. Frazier, and to verify my conclusions for I didn't want to proceed against this man unless there was reasonable grounds for procedure."

Sales further advised them to institute proceedings against appellee for giving "the cold check."

They next consulted Mr. John C. Gates, who gave them similar advice. Next they laid the matter before Hon. Charles Ferguson, the Commonwealth's attorney, and he sent them before the grand jury, and the prosecutions were begun.

> "This court has held in a long line of cases that if one, before procuring the arrest of another, laid all of the facts upon which he based his prosecution before a competent attorney and fairly obtained his advice that such prosecution was legal, and then in good faith acted upon this advice, it is a complete defense to the action." Moser v. Fable, 164 Ky. 517, 175 S. W. 997.

> "It is the rule, however, that advice of counsel is a defense to an action for malicious prosecution only when all the facts bearing upon the guilt or innocence of the accused which the prosecutor knew, or could have ascertained by reasonable inquiry, are fully and fairly disclosed to counsel." Weddington v. White, 148 Ky. 671, 147 S. W. 17.

Our attention is not called to any material fact that was not laid before these lawyers, and appellee cannot avoid the operation of the above rules, except by showing something to put this case beyond their operation. See Bazzell v. I. C. R. R. Co., *supra*.

At the conclusion of all the evidence he had failed to make this showing, and the appellant's motion for a peremptory instruction was erroneously overruled. See L. & I. R. Co. v. Roberts, 203 Ky. 555, 262 S. W. 954; Bazzell v. I. C. R. R. Co., *supra*.

We have read this record with great attention, and we fail to find anywhere any material fact that was not

known or should have been known to these men that was not put before these attorneys. Frazier had been, according to appellee, rather active in fomenting trouble for appellee, and his activities in that regard were not put before these men, but that had no bearing upon the one question before these men, which was: Had appellee committed a crime? They did not tell Ferguson appellee had sued the Colt Company, neither did they tell Gates or Sales that Frazier had admitted to various parties that the Colt Company owed appellee several hundred dollars. We should say here that Frazier denies making these statements or any improper activities in fomenting trouble for appellee. These matters were immaterial, if true.

Had appellant owed appellee a thousand dollars, that gave appellee no right to endorse the Murphy check, neither did the following matter contained in the contract between these parties: "The employed agrees to act as salesman and collector for the company in such territory as shall be agreed upon in writing from time to time." Authority to make collections is not authority to endorse checks given in payment of debts due principal. K. T. S. B. & T. Co. v. Dunavan, 205 Ky. 801, 266 S. W. 667.

Appellants sought and obtained advice of counsel to whom they presented all the material facts. That advice appears to us to have been wise. It was honestly obtained, appellants acted on it, and wise or otherwise, it is a complete defence. Cooper v. Fleming, 114 Tenn. 40, 84 S. W. 801, 68 L. R. R. 849; Nat. Surety Co. v. Mabry, 139 Ala. 217, 35 So. 698; Neueld v. Rodeminski, 144 Ill. 83, 32 N. E. 913; Tryon v. Pingree, 112 Mich. 338, 37 L. R. A. 226, 67 Am. St. Rep. 398, 70 N. W. 905.

If this were not the law no man would feel safe in making charges against another for a criminal offense, and our criminal laws would be unenforced, and crime would go unpunished.

The advice must be honestly obtained from an adviser of competency and integrity. Hewlett v. Cruchley, 5 Taunt 277; R. V. Stewart, 6 Manitoba L. Rep. 264; Davie v. Wisher, 72 Ill. 262; Walter v. Sample, 25 Pa. 275.

The fact that the counsel consulted was the attorney for the prosecutor does not render him interested or disqualify him under the rule. K. G. & B. Co. v. Hamlin, 193 Ky. 116, 235 S. W. 4; K. & T. Coal Co. v. Galloway,

71 Ark. 351, 100 Am. St. Rep. 79, 74 S. W. 521; Shea v. C. L. Co., 92 Minn. 348, 100 N. W. 111, 1 Ann. Cases 930.

Where the facts are undisputed the general rule of the common law, sustained by the overwhelming weight of authority, both in England and America, is that what facts, and whether particular facts, constitute probable cause is a question of law, which the judge must decide upon the facts found to exist in the particular case, and which it is error for him to submit to the decision of the jury.

Mr. Albert Morse, the erstwhile attorney for Caldwell county, testified that he told appellant not to get out the warrant, but the appellant had not sought advice from him, nor had they laid the facts before him, and it appears from the record that they only applied to him for a warrant for the arrest of appellee which he declined to procure.

The essential feature of the defense of probable cause is honesty of purpose. A citizen has the right and it is his duty to seek advice of men in whose integrity and competency he in good faith reposes confidence; when that is honestly obtained he can act on it and the law protects him. He cannot act on the advice of any one whose ability, integrity and honesty he does not trust, nor is he to be deterred by advice that may be given him by a man whose advice he has not sought, and before whom he has not laid the facts, though he is required to listen to pertinent facts disclosed by any one.

Nearly all of appellee's proof is devoted to an effort to show that appellant was prompted by malice to do what it did. Appellant countered this, and then directed nearly all of its proof to showing probable cause. Malice is a wholly immaterial circumstance in malicious prosecution if the prosecutor had probable cause to believe the accused guilty, and although malice necessary to sustain the action is shown, yet if the defendant had probable cause to proceed with the prosecution plaintiff does not make out his case. The two elements must concur. There must be want of probable cause and malice. The latter may be inferred from the want of the former, but the converse of the proposition is never true. Emler v. Fox, et al., 172 Ky. 290, 189 S. W. 469.

The motion for peremptory instruction made by appellant should have been given for the above reasons.

Actions for malicious prosecution are not favored by the law. Grimes v. Coyle, 45 Ky. (6 B. Mon.) 301; Bazzell v. I. C. R. R. Co., *supra*.

The judgment is reversed, and appellant is awarded a new trial to be had in conformity with this opinion.