### Peel v. Bramlett.

June 13, 1947.

As Extended on Denial of Rehearing

October 14, 1947.

Wm. J. Baxter, Judge.

578

B. R. Jouett and M. C. Redwine for appellant.

Rodney Haggard and D. L. Pendleton for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

This is the second appeal of this case. In the first appeal, 298 Ky. 20, 181 S. W. 2d 448, the facts are well stated, and it will be unnecessary to restate them here. $7500 was obtained in the former trial and $3500 in the latter.

Appellant is raising many of the same questions here that he raised in the former appeal, in which the judgment was reversed because of excessiveness. There is, however, presented here one entirely new question growing out of the refusal of the court to grant defendant a change of venue. We shall not discuss again those questions which are identical with those raised in the former appeal since they were disposed of in the first opinion and became the law of the case. We shall confine this opinion to the following questions: (1) Whether or not the court erred in overruling defendant's motion for a change of venue; (2) Alleged incom-

petent evidence, and (3) Whether or not $3500 is excessive.

Appellant argues that the trial court erred in not granting him a change of venue. In accordance with KRS c. 452 he filed his petition supported by affidavits asking such change. He insists that by filing his two affidavits he made out a prima facie case and that it was not sufficient for appellee to file counter affidavits, but that the court should have heard other evidence against the application for a change of venue. Appellant cites in support of his position Asher v. Beckner, 41 S. W. 35, 19 Ky. Law Rep. 521, in which case it appears that considerable testimony was introduced for and against the motion for a change. The motion was sustained in the cited case above after determining from the testimony introduced that it was not probable the movant, being a nonresident of the county, could obtain a fair and impartial trial.

It will be noted that the procedure in the instant case was pursuant to and in keeping with KRS 452.030 and the court is not required to go beyond those provisions in order to hear other evidence. The movant was not particularly limited in the number of affidavits he could offer in support of his motion. The two affidavits filed in support of the motion for change of venue were identical in context, and are as follows: "Affiant, Chester Green, states that he is a resident of Clark County, Kentucky, and that he was on the jury in the first trial; that he does not believe Peel can get a fair trial in this county and there should be a Change of Venue. That public sentiment is much in favor of plaintiff, and defendant is entitled to a fair trial."

While it appears that possibly both the affidavits and the counter affidavits were nothing more than conclusions of the affiants, yet the counter affidavits by the Sheriff and others who stated as facts that the appellee was from a rather insignificant family with no civic, economic, or political influence in the community, and that the movant could obtain a fair trial, was more nearly a statement of facts than the conclusion stated by the affidavits offered by appellant. We do not think the point raised here by appellant is well taken, since there rests in the court a sound discretion as to the matter of

granting or refusing such application. See Pierce v. Crisp, 267 Ky. 420, 102 S. W. 2d 386.

Appellant cites about 40 instances where he insists the court erred in its ruling relative to the admission of incompetent evidence. He complains about attorney for plaintiff below persisting in his attempt to contradict the appellant by questioning him as to what he had testified on former trials. He says this was unfair, and the persistence in this method of cross-examination resulted in great prejudice to the appellant. It is well settled in this jurisdiction that this type of questioning is proper. A witness may be confronted with statements that he made at a former trial, or elsewhere, contradictory to the ones being made at a present trial. We have carefully considered all instances where appellant claims erroneous rulings of the court in the admission of incompetent evidence, and it would be entirely too burdensome to undertake to discuss these 40 or more instances in this opinion. Suffice it to say that we have considered them separately and find no prejudicial error.

Since appellant is so insistent that he was entitled to a peremptory instruction merely because he had acted under advice of counsel, we deem it best to say something further in that respect. This matter was raised on the first trial and appeal and was at least indirectly cared for in the opinion as follows (181 S. W. 2d 451): "Since the evidence was sufficient to take the case to the jury on the question of probable cause, the trial court did not err in refusing appellant's offered peremptory instruction."

In Figuccion v. Prudential Insurance Company of America et al., 273 Ky. 287, 116 S. W. 2d 291, 292, a case involving facts somewhat similar to the facts in the instant case, and where a directed verdict was given apparently based on advice of counsel, in reversing we said: " 'Advice of counsel is not a defense in an action for malicious prosecution, unless the facts are fully and fairly laid before the counsel. If the real facts are not laid before the counsel, his opinion is no defense to an action for malicious prosecution. * * * In addition to this, the advice of counsel will constitute probable cause only when reasonable diligence is used to learn the facts on which the advice of counsel is sought.' "

The record discloses that a full statement of facts was not made to counsel. We are not undertaking to reopen a matter that was fully raised in a former appeal, other than to say that advice of counsel will constitute probable cause under circumstances wherein reasonable diligence is used to learn the facts on which the advice of counsel is sought, and where a full and fair statement of those facts are made to counsel. We reaffirm the position taken on the former appeal, that "the evidence was sufficient to take the case to the jury on the question of probable cause."

The third point we shall discuss is that of excessiveness of the verdict. We have held that a verdict will not be disturbed unless the amount is so large and disproportionate as to strike the mind at first blush as resulting necessarily from passion and prejudice. In the opinion on the former appeal the matter of excessiveness was discussed at length, in which the case of W. T. Grant Co. v. Taylor, 223 Ky. 812, 4 S. W. 2d 741, an action for malicious prosecution, was cited. The verdict there was for $12,500 and was held to be excessive. There is also cited a case of malicious prosecution where a verdict of $3,000 was sustained, which appears to have been the largest in this jurisdiction. It might be argued, and with merit, that a $3,500 judgment in the instant case, due to increased cost of living, is far less than a $3,000 judgment given several years ago. The assessment of damages is distinctly and peculiarly a prerogative of the jury. The courts generally are reluctant to interfere with the verdict, and set the judgment aside, unless it is obviously and definitely excessive, and so much so as to indicate that the verdict was the result of passion and prejudice. On this second trial the jury gave the appellee $4,000 less than on the former. We cannot say that this strikes us at first blush as being indicative of passion and prejudice.

Wherefore, the judgment is affirmed.