**Nelson REID, Appellant,**

v.

**Robert H. TRUE, Appellee.**

Court of Appeals of Kentucky.

May 31, 1957.

Harold Y. Saunders, Shelbyville, for appellant.

Kinsolving & Kinsolving, Shelbyville, for appellee.

CLAY, Commissioner.

In this action for malicious prosecution, the trial court directed a verdict for the defendant at the close of the evidence. Plaintiff appeals on the ground that the question of probable cause for prosecuting the plaintiff should have been submitted to the jury.

Plaintiff was a tenant on a farm owned by defendant and they shared equally in the profits realized from the milk production. Eighteen cows were being milked by the plaintiff. A substantial number of the cows were bred to come fresh in the spring, but in April and May the defendant noticed that the milk production was not increasing as it should have. He also learned plaintiff's daughter was making daily trips, shortly after milking time in the morning, to the home of her brother-in-law who operated another farm and was also shipping milk. The production on the farm of the brother-in-law showed a very substantial increase about this time. Defendant went to the county attorney and stated the grounds for his suspicion that the plaintiff was diverting milk to his son-in-law. The county attorney advised that more proof should be obtained before taking out a warrant.

Defendant testified that thereafter he and his brother went to the farm early one morning and from a place of concealment saw the defendant load two ten-gallon cans of milk into the daughter's car, which she daily drove to the farm of her brother-in-law. Defendant returned to the county attorney, advised him of these additional facts, and the county attorney recommended the issuance of the warrant.

The grand jury failed to indict the plaintiff, and this suit followed.

■ The ground upon which the trial court directed a verdict was that defendant acted upon advice of counsel, and it is well recognized that such advice is a complete defense to a claim of malicious prosecution. Stanhope v. Cincinnati, N. O. & T. P. R. Co., 210 Ky. 674, 276 S.W. 567. The conclusiveness of this defense, however, is conditioned upon a full and fair disclosure of all material facts to the attorney advising prosecution. Peel v. Bramblett, 305 Ky. 577, 204 S.W.2d 565.

■ Plaintiff contends that a fair disclosure was not made by defendant to the county attorney. He denied that defendant observed him sending off two cans of milk in his daughter's car, and therefore insists defendant fabricated this evidence presented to the county attorney. We have held that where reliance is placed upon advice of counsel, if there is a dispute on conflicting evidence about the existence of a material fact disclosed, then the question of full and fair disclosure is one for the jury. Smith v. Kidd, Ky., 246 S.W.2d 155. It is evident that the alleged incident related by the defendant to the county attorney was material in obtaining his advice. Since the plaintiff denied this incident, a jury question was presented if the advice of counsel was defendant's only defense.

■ Defendant contends, and we believe rightly so, that advice of counsel is simply one means of showing probable cause, and that there were sufficient other undisputed facts which justified the directed verdict. Since public policy favors the exposure of crime, and malicious prosecution actions are not favored in the law,

there must be a clear showing that the defendant acted without probable cause. Lexington Cab Co. Inc., v. Terrell, 282 Ky. 70, 137 S.W.2d 721. The burden was on the plaintiff to establish this element of his claim. J. B. Colt Co. v. Grubbs, 206 Ky. 809, 268 S.W. 817.

Where sufficient undisputed facts show probable cause, the question is one of law for the court. See Stearns Coal Co. v. Johnson, 238 Ky. 247, 37 S.W.2d 38; Louisville & N. R. Co. v. Sharp, 282 Ky. 758, 140 S.W.2d 383.

The following facts are not disputed: (1) Milk production should have appreciably increased in the spring when the cows freshened. (2) Defendant's cows were not producing anything like the quantity of milk they could normally be expected to produce in April and May. (3) The wife of plaintiff's son-in-law had told defendant's wife that the son-in-law was milking only eight cows. (4) The son-in-law was shipping 60 or 70 gallons of milk a day, which was more than twice as much milk as plaintiff was shipping, from what defendant had reason to believe was half as many cows. (5) Defendant observed the apparently excessive shipments by the son-in-law. (6) Plaintiff's daughter made daily trips shortly after milking time to the home of the son-in-law. (7) Defendant had complained to the plaintiff about the shortage of milk, and the situation continued.

It is true the plaintiff had a reasonable explanation for the unusual circumstances. He, of course, denies stealing milk, but the guilt or innocence of the accused is not material on the question of probable cause. Hudson v. Nolen, 142 Ky. 824, 135 S.W. 414. He attributes the shortage of milk to the disease of mastitis afflicting defendant's cows. The trips by the daughter to the home of the son-in-law were made necessary to send her young child to school. The son-in-law explains his increased milk production by testifying that he had 18, rather than 8 cows, and that many of them came fresh in the spring months. Plaintiff presented what may have been a complete defense to a charge of larceny. However that may be, we are not in this suit trying the plaintiff. We are trying the defendant.

Whether or not the plaintiff's story was true, we need not determine. It may be assumed that the circumstances were as the plaintiff presented them. Be that as it may, the question here is whether or not the defendant could reasonably reject plaintiff's possible explanations and instead draw his own conclusion from the undisputed facts.

An examination of these undisputed facts convinces us there was strong circumstantial evidence that plaintiff was converting milk produced on the farm. The fact that defendant twice consulted the county attorney tends to show good faith and diligence on his part. If a citizen was required to have positive proof of another's guilt before initiating prosecution, criminal law enforcement would be greatly impaired. Our question is whether or not upon the facts in this case defendant had such reasonable grounds to believe a crime had been committed that he was justified in invoking the processes of law to have that question judicially determined. We are of the opinion that defendant established probable cause justifying his act as a matter of law.

■ Plaintiff attempted to show the defendant was motivated by malice rather than probable cause in swearing out the warrant. He introduced evidence that defendant had stated to others he was anxious to get plaintiff off his farm. We do not think malice was shown because the reason given by defendant why he wanted plaintiff off his farm was because he thought the plaintiff was stealing milk. However, even if there was evidence of malice, plaintiff was still required to show in addition that there was want of probable cause. J. B. Colt Co. v. Grubbs, 206 Ky. 809, 268 S.W. 817.

■ Plaintiff also argues that other persons to whom defendant had directed

inquiries advised him that they had not seen the plaintiff stealing milk. While this negative evidence might have some practical persuasive value in deterring defendant from prosecuting, it would of course not be competent on the question of plaintiff's guilt and it is of little significance on the question of probable cause. Doubtless there are 10,000 people in Shelby County who did *not* see plaintiff wrongfully convert any milk.

While the trial court, in giving its reasons for directing the verdict, may have overemphasized the advice of counsel, we think his ruling was otherwise warranted upon sufficient grounds.

The judgment is affirmed.