Joseph R. Huddleston, Bowling Green, Ky., for appellant, Paul R. Huddleston, Huddleston & Huddleston, Bowling Green, Ky., on the brief.

Walter A. Baker, Glasgow, Ky., for appellee.

Before WEICK, Chief Judge, and EDWARDS and PECK, Circuit Judges.

**B. F. TAYLOR, Plaintiff-Appellee,**

v.

**Lawrence SHEPHERD, Defendant-Appellant.**

**No. 17708.**

United States Court of Appeals Sixth Circuit.

March 7, 1968.

PER CURIAM.

Appellant in this case was a garage man who repaired a truck for appellee. When the truck was delivered and a bill was submitted, after some delay appellee sent appellant a check in payment. Two days later appellee stopped payment on the check which was then returned to appellant marked unpaid for that reason.

Appellant thereupon took the check and consulted a lawyer, the county attorney and the county judge, finally securing a warrant from the latter. It is conceded that stopping payment on a check is not a criminal offense under Kentucky law.

When the charge against appellee was *nolle prossed,* he filed suit in the United States District Court for the Western District of Kentucky under diversity jurisdiction for malicious prosecution. The jury awarded him $3,000 in damages.

In his charge to the jury the District Judge stated that under Kentucky law if appellant:

"[W]ent and stated his case to a lawyer and gave him the facts in the case, the full facts in the case, and the lawyer advised him that he was entitled to swear out a warrant and he did it on the advice of that

**264**

lawyer, to whom he had given the full facts in the case, then you should find for the defendant."

Puckett v. Clark, 410 S.W.2d 154 (Ky. 1966); Cravens v. Long, 257 S.W.2d 548 (Ky.1953).

There is no dispute of appellant's testimony that he consulted attorney Judd who advised seeking a warrant. He also consulted County Attorney Cary who sent him to County Judge Webb who issued the warrant.

The Court of Appeals of Kentucky has recently stated the law on this issue:

"Advice of counsel is a complete defense to a claim of malicious prosecution 'if all the facts bearing upon the guilt or innocence of the accused person which the prosecutor or informant knew or could have ascertained by reasonable inquiry, are fully and fairly disclosed to counsel. * * Under conflicting evidence, this is a jury question.' Smith v. Kidd, Ky., 246 S.W.2d 155, 159 (1952). More accurately stated, the conclusiveness of the defense is conditioned on a full and fair disclosure of *material* facts to the attorney whose advice is sought. Cf. Reid v. True, Ky., 302 S.W.2d 846, 847 (1957), wherein it is pointed out also that since public policy favors the exposure of crime, and malicious prosecution actions are not favored in the law, a plaintiff has the burden of making a *clear showing* of no probable cause." Puckett v. Clark, 410 S.W.2d 154, 157 (Ky.1966) (Emphasis in original.)

Our review of this record convinces us that there is no evidence from which the jury in the instant case could properly have found failure on the part of appellant fully and fairly to disclose the material facts to his attorney, to the county attorney and to the county judge. Appellant's motion for a directed verdict should have been granted.

The judgment is vacated and the case is remanded for entry of judgment for the defendant.