**Dallas HALE, Appellant,**

v.

**Homer BAKER et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1972.

Alva A. Hollon, Hollon & Hollon, Hazard, for appellant.

Charles R. Coy, Coy & Coy, Richmond, for appellees.

NEIKIRK, Judge.

Dallas Hale's complaint for damages based on malicious prosecution arose out of an incident that occurred in Berea. Several persons had met in that city ostensibly to attend a meeting of the National States Rights Party. A serious confrontation developed, and during a "shoot-out" two persons died as a result of gunshot wounds. An immediate investigation of the happening was conducted by the Commonwealth's attorney, the county attorney, and other peace officers. Upon the advice of these officers that there was probable cause for a warrant of arrest against Hale and seven other persons, Sgt. Lewis Babb, Jr., a member of the Kentucky State Police, signed and presented a sworn complaint to the judge of the Madison Quarterly Court, charging Hale and seven other named persons with the murder of one Leno Boggs. The judge issued a warrant for the arrest of the eight men. Hale was arrested, lodged in jail, and later released on bond. No further proceedings were brought against Hale, nor was an indictment rendered by a Madison County grand jury.

Thereafter, Hale instituted this action for malicious prosecution against Sgt. Babb and eight other peace officers. The Madison Circuit Court granted the officers summary judgment and dismissed Hale's complaint. Hale appeals. We affirm.

Hale contends that the circuit court erred in granting the summary judgment against him, but he refers us to no malicious prosecution cases as authority for his contention. Hale does cite several cases involving false arrest. We need not discuss these cases as the instant case was brought against the appellees as an action for malicious prosecution, not false arrest.

We have examined the affidavits and exhibits filed by the appellees in support of

their motion for summary judgment. We find that these present a full and fair disclosure of all material facts. The complaint for the warrant of arrest of Hale was made on the advice of the attorneys who had conducted the entire investigation. This constituted probable cause to have the warrant of arrest issued. The advice of the attorneys, based on a full and fair disclosure of all material facts, is a complete defense to an action for malicious prosecution. These facts not being in dispute, the trial court properly granted summary judgment for the appellees. Stanhope v. Cincinnati, N. O. & T. P. Ry. Co., 210 Ky. 674, 276 S.W. 567 (1925); Reid v. True, Ky., 302 S.W.2d 846 (1957); Puckett v. Clark, Ky., 410 S.W.2d 154 (1966); Taylor v. Shepherd, 6 Cir., 391 F.2d 263 (1968).

The judgment is affirmed.

All concur.